# NEW JERSEY FIDELITY & PLATE GLASS INS. CO. v. LOVE.

## No. 3010.

Circuit Court of Appeals, Fourth Circuit.

Sept. 19, 1930.

Walter L. Brown, of Huntington, W. Va. (Douglas W. Brown and Fitzpatrick, Brown & Davis, all of Huntington, W. Va., on the brief), for appellant.

Connor Hall, of Huntington, W. Va. (O. J. Deegan, of Huntington, W. Va., on the brief), for appellee.

Before PARKER, Circuit Judge, and GRONER and ERNEST F. COCHRAN, District Judges.

ERNEST F. COCHRAN, District Judge.

In October, 1927, the appellant (who will for convenience hereinafter be styled the insurance company) issued to Mrs. Susie K. Watt, a resident of Huntington, W. Va. (hereinafter styled the assured) an insurance policy to indemnify her against liability for bodily injuries including death, suffered by any person by reason of the ownership, maintenance, or use of an automobile described in the policy. The insurance company also agreed to defend in the name of and on behalf of the assured any suits brought against her to recover damages.

The policy contains the following provisions:

"Conditions

"This insurance is subject to the following conditions and failure on the part of the Assured to comply with any of said conditions shall forfeit the right to recovery hereunder.

"Limits of Liability

"1. * * *

"Insolvency of Assured

"2. The insolvency or bankruptcy of the Assured shall not release the Company from

the payment of damages for injuries sustained or loss occasioned during the term of the policy, and in case execution against the Assured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, an action may be maintained by the injured person, or his or her personal representative, against the Company under the terms of the policy for the amount of the judgment in the said action not exceeding the limits of the policy.

#### "Notice

"3. The Assured shall give to the Company or its duly authorized agent immediate written notice of any accident with the fullest information obtainable. The Assured shall give like notice of claims for damages on account of such accident. If any suit is brought against the Assured to recover such damages, the Assured shall immediately forward to the Company at its office in Newark every summons or other process served upon him."

Appellee's decedent, Mrs. Georgia Lowe, died as the result of injuries sustained in an accident occurring while she was the guest of Mrs. Watt in the insured car, and appellee (hereinafter styled the plaintiff) recovered a default judgment against Mrs. Watt in the state court. Execution on the judgment being returned unsatisfied, this suit was instituted under the provision of the policy quoted above. The insurance company defended the present suit, alleging that the assured, Mrs. Watt, had not complied with certain terms of the policy, and in particular the provision which required that the assured should immediately forward to the company the summons or other process served upon her. The district court held, although process in the case brought in the state court against Mrs. Watt by the plaintiff was not forwarded to the insurance company until more than seven months after she had received it, nevertheless that the insurance company had an opportunity to appear and defend the action in the state court and that its failure to do so made it liable under the terms of the policy to the plaintiff. The facts are substantially as follows:

The accident occurred on May 22, 1928, was promptly reported to the insurance company's local agent, and within a day or so he obtained statements from Mrs. Watt, the assured, and Mrs. S. J. Bord, another occupant of the car. He wrote the insurance company on May 24, 1928, reporting his investigation

and advising that the matter would not be turned over to counsel unless action should be instituted by the relations of Mrs. Lowe. On behalf of the insurance company, he paid for the repairs to Mrs. Watt's car, under the collision clause of the policy. The local agent later learned that a claim was being made by plaintiff as administrator of the estate of Mrs. Lowe, and that the matter was in the hands of Mr. Deegan as attorney. On several occasions, the local agent and Mr. Deegan discussed the claim, and on one occasion Mr. Deegan told him that unless settlement was made, he was instructed to institute action.

On July 31, 1928, plaintiff instituted action against Mrs. Watt in the state court. Process was served by posting at her residence during her absence. She returned on August 23, 1928, and found the process, but did not forward it to the insurance company or notify either the company or its agent of the institution of the action. The declaration was duly filed, and on January 24, 1929, April 10, 1929, and April 11, 1929, Mrs. Watt was served with notices of the taking of depositions on behalf of the plaintiff. But none of these notices was forwarded to the insurance company or its agent, nor was the insurance company informed in any manner of their receipt. Pursuant to these notices served on Mrs. Watt, plaintiff took the depositions of a number of witnesses (three of them being occupants of the car at the time of the accident). On April 17, 1929, the local agent learned of the pending action from a casual conversation with the plaintiff, and immediately called Mrs. Watt to ascertain if she had been served with process. On that date, the local agent obtained the original process and notices of the depositions. While the plaintiff testified concerning some conversations with the local agent in an effort to show that the local agent had some knowledge of the pending suit prior to April 17, 1929, yet his testimony was entirely indefinite, and we think that the record shows clearly that this was the first time that either the insurance company or the local agent had any notice or knowledge *of the institution of the suit.*

The insurance company, on being advised of the situation, obtained copies of the depositions which had been taken up to that time, and submitted them to its counsel, and on May 8, 1929, counsel advised the company that its rights had been clearly prejudiced by being deprived of the opportunity to cross-examine the witnesses whose depositions had been taken; and on May 13, 1929, pursuant

to instructions from the company, counsel for the company informed Mrs. Watt that the company disclaimed all liability under the policy.

The action of Love, administrator (who is the appellee here), against Mrs. Watt, was tried in the state court on May 20, 1929, and there being no appearance for the defendant, plaintiff took a default judgment. All of the depositions taken by the plaintiff were read to the jury.

There is no doubt that the insurance company received prompt notice of the accident and made investigation, and no claim is made that the policy should be avoided under that clause. But the insurance company does claim that the clause requiring the assured to give notice of the accident is separate and distinct from the clause which requires that the assured shall immediately forward process to the company at its office. The insurance company contends: First, that compliance with this clause is a condition precedent to any recovery under the policy, binding both upon the assured and upon Mrs. Lowe, the plaintiff's decedent, and must be complied with within a reasonable time after the institution of the suit, and if not so complied with, no liability attaches in any event; and, secondly, that even if it is not a condition precedent, nevertheless the insurance company was prejudiced by the failure to forward the process promptly, in that it was deprived of the right to cross-examine the plaintiff's witnesses and would be at a disadvantage in defending the suit in the state court.

 The provisions of the policy are plain and unambiguous. The policy provides that "failure on the part of the assured to comply with any of said conditions shall forfeit the right to recover hereunder." One of the conditions is that the assured shall immediately forward to the company at its office every summons or other process served upon her. It is obvious that this provision is of the essence of the contract in insurance of this kind and not merely a stipulation as to the form of bringing to the notice of the insurer the fact of loss as in policies of fire and life insurance. By the express terms of the policy, failure to comply with the condition forfeits the right to recovery. It is true that while the process is required to be "immediately" forwarded, nevertheless the word "immediately" is not given a rigid construction, but means that the process must be forwarded within a reasonable time under all the circumstances of the case. Fidelity & Deposit Co. v. Courtney, 186 U. S. 342, 345, 22 S. Ct. 833, 46 L. Ed. 1193. But here there was a delay of more than seven months, and we think that such delay under the circumstances was entirely unreasonable. Inasmuch as the policy declared by its express terms that it should be forfeited if the process were not forwarded, it is clear that Mrs. Watt could not possibly recover under it.

 It is argued in this court, however, that under what is termed the insolvency clause of the policy (hereinabove set forth), which provides that an action may be brought by the injured person or her personal representative in case of death, a cause of action arose directly to Mrs. Lowe's personal representative which he could maintain without complying with the conditions of the policy. The insolvency clause was evidently framed to avoid an injustice arising in the case of an insolvent assured. Because of his insolvency, an assured who had paid premiums during the life of the policy might be deprived of the benefit for which he contracted. The insurance company would be relieved of liability under its policy and the injured party would not get redress. Under the insolvency provision of the policy, the fact that the assured has suffered no loss because of previous insolvency does not relieve the company of liability. It was not intended to relieve the injured party from complying with the terms of the policy. The insolvency clause itself says in plain terms that the personal representative of the injured party may maintain an action *"under the terms of the policy."* If the injured party can dispense with one of the terms, she can dispense with any of them; but our view is that she must comply with its terms and conditions and if she does not do so, she forfeits her rights under the policy, the same as the assured. It is said, however, that this gives an opportunity for collusion and fraud between the assured and the insurance company to defeat the rights of the injured party. There is, however, the same opportunity for collusion and fraud between the assured and the injured party to defraud the insurance company. But these considerations cannot affect the question. The point is that the parties have made their contract in plain and unambiguous language, and that by the provisions of that contract all of its terms must be complied with before there can be a recovery either by the assured or the injured party.

 It is argued, however, that the insurance company in this case had an opportunity to defend the suit and was not prejudiced by the failure to forward the process promptly. We are not prepared to accede to the view that where depositions have been taken

with no right of cross-examination, where more than seven months elapses after the institution of the suit before the company is notified, the insurance company has not been prejudiced, or has had a fair opportunity to defend the suit. But the question, in our view of the case, is immaterial. Where, by the terms of the policy, a failure to comply is made an express cause for forfeiture, a showing of prejudice is not necessary. A compliance with the conditions of the contract within a reasonable time is indispensable to fix liability. The condition is a material and important part of the contract and should not be deliberately set aside as of no moment.

These views are in accord with the weight of authority, but it will not be necessary to cite all of the decisions supporting them. Metropolitan Casualty Insurance Co. v. Colthurst (C. C. A. 9th) 36 F.(2d) 559; Royal Indemnity Co. v. Morris (C. C. A. 9th) 37 F.(2d) 90; Jefferson Realty Co. v. Employers' Liability Co., 149 Ky. 741, 149 S. W. 1011; Coleman v. New Amsterdam Casualty Co., 247 N. Y. 271, 160 N. E. 367, 368; Phoenix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 205 S. W. 128; Home Life Ins. Co. v. Beckner, 168 Ark. 283, 270 S. W. 529; Rohlf v. Great American Mutual Indemnity Co., 27 Ohio App. 208, 161 N. E. 232; Heller v. Standard Accident Ins. Co., 118 Ohio St. 237, 160 N. E. 707; United States Casualty Co. v. Breese, 21 Ohio App. 521, 153 N. E. 206; cf. Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, 1 A. L. R. 1374; St. Louis Architectural, etc., v. New Amsterdam Casualty Co. (C. C. A.) 40 F.(2d) 344.

The plaintiff's counsel cites a few decisions which hold to the contrary, but we are not in accord with their reasoning or conclusions, and the weight of authority, as already stated, supports the contention of the insurance company.

Plaintiff's counsel also cites certain other cases in support of his contention, but we do not think it necessary to discuss them. In some of these cases, the condition requiring the forwarding of the process was not made a condition precedent, nor was the failure to comply declared to be a cause of forfeiture of the policy. In some of them, there was evidence tending to show a waiver on the part of the insurance company. In some of them, there was an absolute guaranty on the part of the insurance company to pay the injured party in any event without regard to the condition. Some of the cases arose under statutes requiring taxicab and bus companies to

carry liability insurance to cover injuries to the public, where the wording of the statutes and the policies involved are different from that of the policy in the case at bar, and either necessarily required or were obviously capable of the interpretation that the injured party could recover irrespective of a breach of policy by the insured. It is sufficient to say that none of the cases cited has any application to the present case, where the injured party's right of action is limited expressly upon compliance with "the terms of the policy."

The decree of the District Court is therefore reversed.