No. 6542.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1932.

Geo. W. Yancey and Whit Windham, both of Birmingham, Ala., for appellant.

R. H. Scrivner, of Birmingham, Ala., for appellee.

*Rehearing denied December 16, 1932.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellee, against whom a judgment for $13,500 was obtained by Mrs. Alice Auman in an action for injuring her as a result of negligently driving his automobile (Cooper v. Auman, 219 Ala. 336, 122 So. 351), satisfied that judgment with interest, and recovered judgment over against appellant for the full amount, less $5,000 paid by it as the limit of its liability under a policy of automobile liability insurance which it had issued to appellee and which was in force at the time of the accident to Mrs. Auman. The ground of recovery in the present suit was appellant's failure and refusal to avail itself of the opportunities it had to settle Mrs. Auman's claim for damages within the $5,000 limit named in the policy. There are many assignments of error, but it may safely be stated that no reversible error is made to appear unless the trial court erred in refusing appellant's request for a peremptory instruction. Originally appellee's cause of action was based upon appellant's negligence in refusing to settle Mrs. Auman's claim; but, upon a ruling by the trial court that the insured was not entitled to recover on the ground of mere negligence, the declaration was amended so as to allege only that the insurer acted in bad faith toward the insured in refusing to effect a settlement within the $5,000 limit named in the policy. By the terms of the policy the insured was required to give written notice to the insurer as soon as practicable of any accident covered by the policy, and, upon request, to render any assistance in his power in the investigation, settlement, or defense of any case, aid in securing witnesses, and in prosecuting an appeal; but it was therein provided that he should not, unless at his own expense, pay or settle any claim, incur any expense, voluntarily assume any liability in respect of any such accident, or interfere in any negotiations for settlement or in any legal proceeding, without the insurance company's written consent. In the event of legal proceedings to enforce any claim for damages arising from any accident covered by the policy, the insurer agreed to assume, "in the name and on behalf of the insured, but at its own cost and expense, and irrespective of the indemnity hereinafter provided for the entire management and defense of same." The insurer reserved the right to settle within the limits of the policy.

The accident occurred in the afternoon,

while the insured was driving his automobile up a steep hill in a southerly direction on a street 40 feet in width, which at the time was not being much used. Shortly before the accident occurred, Mrs. Auman alighted from the automobile of a lady friend near the curb on the easterly side of the street, and, in crossing, away from a street intersection, to her home on the other side, according to at least one of the witnesses who testified in her behalf, she was dragged more than the length of the automobile. There was evidence for Mrs. Auman to the effect that the automobile in which she had been riding had moved away, and that there was no obstruction to prevent the insured from seeing her in ample time to avoid the accident. The insured testified that he did not see her until just at the very moment of the accident, although he said that he stopped his automobile within a distance of about 18 inches from the point where it struck her; but he did not claim that his view was obstructed by another automobile coming between him and Mrs. Auman.

The insured promptly reported the accident to the insurer, upon a blank form furnished by it for that purpose, giving the names of three people who he said lived in the same block in which Mrs. Auman lived, and stated that there were several other important witnesses whose names he did not learn. Mrs. Auman, before she brought her suit, made an offer to the insurer to settle her claim for damages against the insured for $3,000. Up to that time no witnesses had been interviewed, and no investigation concerning the merits of the case had been made by or on behalf of the insurance company, although it was informed by the report of the insured that both Mrs. Auman's forearms had been fractured, and that her right knee had been dislocated. Nevertheless the insurance company rejected Mrs. Auman's offer of settlement, and countered with the proposition to pay her either $200 or the amount of her doctors' bills in full settlement of her claim for damages. About a month before the trial of Mrs. Auman's case, the insurance company was advised by its attorney, who had taken charge of the litigation for the insured, that the case was a very serious one because of the severe nature of the injuries sustained, and that in the attorney's opinion it should be settled for a reasonable amount; and, during that trial, though before the case had been submitted to the jury, Mrs. Auman's attorney offered to accept in settlement either $4,000 or $4,500. But the representatives of the insurance company who attended the trial said that they were not authorized to pay more than $3,500. Without communicating with the home office for authority to pay more, they insisted that, if a settlement were to be made, the insured would have to pay the balance; and this the insured declined to do. The present suit was brought within one year after the Auman Case was affirmed by the Supreme Court of Alabama and the satisfaction of that judgment by the insured, but it was brought after the lapse of more than a year from the entry of that judgment in the state trial court. Pending the appeal, the insured paid two premiums of $175 each as his proportion of the cost of furnishing a supersedeas bond.

█ It is well settled in cases of limited liability insurance that the insurer may so conduct itself as to be liable for the entire judgment recovered against the insured, although that judgment exceeds the amount of liability named in the policy. But the courts that have considered the question are not in agreement as to the nature and kind of proof which it is incumbent upon the insured to make in an action against the insurer for the excess which the insured has been compelled to pay over the amount named in the policy. Some of these cases hold that the insured is entitled to recover upon proof that the insurer in refusing to settle a claim for damages covered by the policy was guilty of negligence. Cavanaugh Bros. v. General Accident Fire & Life Assurance Corp., 79 N. H. 186, 106 A. 604; Douglas v. U. S. F. & G. Co., 81 N. H. 371, 127 A. 708, 37 A. L. R. 1477; G. A. Stowers Furniture Co. v. American Indemnity Co. (Tex. Com. App.) 15 S.W.(2d) 544; Attleboro Mfg. Co. v. Insurance Company (C. C. A.) 240 F. 573. Other decisions impose a heavier burden upon the insured, and deny recovery unless he can show that the insurer in refusing to make settlement acted in bad faith. New Orleans, etc., R. Co. v. Maryland Casualty Co., 114 La. 154, 38 So. 89, 6 L. R. A. (N. S.) 562; Wisconsin Zinc Co. v. Fidelity, etc., Co., 162 Wis. 39, 155 N. W. 1081, Ann. Cas. 1918C, 399; Auerbach v. Maryland Casualty Co., 236 N. Y. 247, 140 N. E. 577, 28 A. L. R. 1294. There are cases of the latter class which exonerate the insurer if, considering its own interest only and ignoring entirely the interest of the insured, it acts in good faith; but the prevailing rule seems to be that the insurer must act in good faith toward the insured. Brassil v. Maryland Casualty Co., 210 N. Y. 235, 104 N. E. 622, L. R. A. 1915A, 629; Hilker v. Western Auto-

mobile Ins. Co., 204 Wis. 1, 231 N. W. 257, 235 N. W. 413.

We are not concerned here with the question whether appellee could have recovered on the ground of mere negligence, since recovery is now sought only on the ground that appellant did not act in good faith toward him. In our opinion the insurer cannot escape liability by acting upon what it considers to be for its own interest alone, but it must also appear that it acted in good faith and dealt fairly with the insured. The insurer, as it had a right to do under the policy, assumed exclusive control of the claim against the insured, and took unto itself the power to determine for the insured all questions of liability, settlement, of defense and management before and during trial, and of appeal after final judgment. We are of opinion that this relationship imposes upon the insurer the duty, not under the terms of the contract strictly speaking, but because of and flowing from it, to act honestly and in good faith toward the insured. It was open to the jury to find that the insurer did not perform this duty. The insurer failed to interview the witnesses, or to make any effort to determine whether there was any liability upon the claim asserted against the insured for damages. It did not attempt to acquaint itself with the extent of Mrs. Auman's injuries. It was not in position to act intelligently, or in fairness to the insured in considering the offer of settlement made before suit was brought. It ignored the advice of its counsel to settle before the case came on for trial. During the trial it offered to settle for $3,500, thus apparently admitting the liability of the insured for substantial damages; but it failed to have a representative at the trial with authority to settle within the limit of liability named in the policy. It finally rejected a reasonable offer of settlement within that limit because the insured would not assume a part of its contractual liability. The jury were therefore warranted in finding that the insurer did not act in good faith toward the insured in considering Mrs. Auman's claim for damages, in refusing to settle, and in demanding that the insured contribute to the settlement which it could and should have made at its own expense.

It is suggested that the case of the insured was barred by the statute of limitations of one year, which it is agreed is applicable to this case. The cause of action did not accrue until the judgment in favor of Mrs. Auman was affirmed by the Supreme Court of Alabama and was satisfied by appellee, both of which events occurred within less than one year prior to the bringing of suit. Jones' Ex'rs v. Lightfoot, 10 Ala. 17; Attleboro Mfg. Co. v. Insurance Co., supra. The contribution by appellee to the cost of the supersedeas bond was made more than a year before the suit was brought, but it did not set in motion the statute of limitations. Appellee was bound by his policy to aid in prosecuting the appeal, and could not have sued before the suit against him was finally determined.

The judgment is affirmed.