## ROYAL INDEMNITY CO. v. WATSON.
### No. 6666.

Circuit Court of Appeals, Fifth Circuit.
Nov. 14, 1932.

Ben D. Turner and William McLeod, both of Mobile, Ala., for appellant.

Alexis T. Gresham and Robert T. Ervin, Jr., both of Mobile, Ala. (Palmer Pillans and Wm. Cowley, both of Mobile, Ala., on the brief), for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellee was injured as a result of the negligent operation of an automobile by one L. M. Cooper. He sued Cooper, and recovered judgment against him for damages, but Cooper, being insolvent, the execution was returned nulla bona. However, as Cooper was the renter and driver of the automobile which injured appellee, and as such was an assured under a policy of automobile liability insurance issued by appellant, appellee, after the above-mentioned execution had been returned unsatisfied, brought this suit against appellant on his judgment against Cooper, and recovered judgment against it as insurer. By the insurance policy appellant agreed to indemnify the owners, licensees, renters, and drivers of automobiles against loss, subject to a number of conditions, among which were conditions which provided that the renter or driver (1) should give immediate notice to the licensee of any accident covered by the policy; and (2) should forward to the insurer or its agent who countersigned the policy "forthwith upon receipt thereof, every process, pleading and paper of any kind relating to any and all claims, suits and proceedings received" by him. The insurer also agreed to defend in the name and on behalf of any assured, but at its own expense, all claims or suits for damages asserted against such assured, and, in the event of the bankruptcy or insolvency of any of the assured, that it should not be relieved of the payment of such indemnity; but if because of such bankruptcy or insolvency an execution against assured should be returned unsatisfied in an action brought against him by an injured person, then an action might be maintained by such injured person against the insurer "under the terms of this policy" for the amount of the judgment recovered against the assured, not exceeding, however, the limit of liability named in the policy. Another condition of the policy was that the licensee should enter into a standard rental agreement with the renter of an automobile. The rental agreement provided that the renter or driver should make a report of every accident in writing; but a written report was not required by the policy. It was also provided by the policy that any specific statutory provision in force in the state in which liability for a loss was claimed should supersede any inconsistent provision of the policy. Appellant pleaded the general issue, and by special pleas (1) pleaded that appellee's action against it was barred by a statute of limitations of one year, (2) denied that notice of the accident was given in writing, and (3) denied that there had been sent to it the original or a copy of process or complaint in appellee's suit against Cooper. A demurrer to these special pleas was sustained, but on the trial it developed that the present suit was brought within a year after the execution against Cooper was returned unsatisfied; and that Cooper promptly notified the licensee of the accident, although he did this orally and not in writing. On the trial it was stipulated that neither appellee nor Cooper at any time had forwarded or furnished to appellant, or to any of its agents, either the original or a copy of the summons or complaint, or of any other process or pleading filed in appellee's suit against Cooper. There was evidence for appellee to the effect that about three months after the accident counsel for the appellant was informed by the attorneys, both for appellee and for Cooper, that suit had been or would be brought by the former against the latter; but that evidence disclosed also that appellant's counsel took and consistently held to the position that appellant was not liable because before suit no notice had been given of the accident, and after suit there had been a failure to furnish appellant with a copy of the summons and complaint. Appellee contends that any error involved in sustaining the demurrer to the special pleas is harmless, since all the special defenses were fully developed during the course of the trial. It is true that any error so committed was preserved by exceptions to the refusal of appellant's requests to charge; for if such requests had been given the jury would have been bound to return a verdict for appellant. But it is also true that if appellant was entitled to rely on the special pleas, it was not bound to go further and offer proof outside the issues to contradict that of appellee as to notice of the accident and the bringing of suit against Cooper.

We are of opinion that there was no error in sustaining the demurrer as to the plea invoking the statute of limitations of one year. Appellee's cause of action did not accrue until the execution against Cooper was returned unsatisfied. American Mutual Liability Ins. Co. v. Cooper, 61 F.(2d) 446 (C.

C. A., Fifth Circuit, opinion filed November 3, 1932). This suit was brought within less than a year after that event, and whether it was in tort or contract it was not barred, as a year is the shortest period of limitation prescribed by statute in Alabama. Nor do we think the trial court erred in refusing to entertain the defense that the notice of the accident was not in writing. Written notice was not called for by the policy, but only by the rental agreement. The provision of the policy as to the kind of notice governs, and that of the rental agreement falls, under section 8371 of the Code of Alabama, which forbids an insurance company to make any contract of agreement other than that plainly expressed in the policy itself. Besides, the policy specifically recognized and declared that any of its conditions inconsistent with any applicable statute was superseded. We therefore hold that oral notice of the accident was sufficient. We are of opinion that the admitted failure to comply with the condition of the policy, requiring an assured promptly to forward or cause to be forwarded to the insurance company or its designated agent a copy of the summons and complaint served upon him by appellee, precludes any recovery in this case, unless it be shown that appellant waived that condition. Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 462, 14 S. Ct. 379, 38 L. Ed. 231. It is held by the overwhelming weight of authority that an assured who has breached this important condition cannot recover unless there has been a waiver, and that the rights of a third person can rise no higher than, but are dependent upon, the rights of the assured. Royal Indemnity Co. v. Morris (C. C. A.) 37 F.(2d) 90; Clements v. Preferred Accident Ins. Co. (C. C. A.) 41 F.(2d) 470; New Jersey Fidelity & Plate Glass Ins. Co. v. Love (C. C. A.) 43 F.(2d) 82; Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, 1 A. L. R. 1374; Coleman v. New Amsterdam Casualty Co., 247 N. Y. 271, 160 N. E. 367, 72 A. L. R. 1443. The only cases holding to a contrary view are Finkelberg v. Continental Casualty Co., 126 Wash. 543, 219 P. 12; Metropolitan Casualty Ins. Co. v. Albritton, 214 Ky. 16, 282 S. W. 187; Edwards v. Fidelity & Casualty Co., 11 La. App. 176, 123 So. 162.

The Finkelberg Case was disapproved by the same court in the later case of Merriman v. Maryland Casualty Co., 147 Wash. 579, 266 P. 682, 63 A. L. R. 1040. In the Albritton Case, one of the grounds of the decision was that the insurance company took charge of the defense in the case against the assured and waived the breach of condition. The decision in the Edwards Case is based at least in part upon the construction of a statute. The provision of the policy giving to an injured person the right to sue the insurer, where judgment had been obtained against the assured and execution had been returned unsatisfied, limits that right to an action maintained under the terms of the policy. The contract of insurance was issued for the protection of the assured against loss; it was not designed for the protection of strangers. An injured person needs no protection against an assured who is solvent. But whether for the purpose of complying with the statutes of so many states which give a right of action against the insurer where the assured is insolvent, or for the purpose of preventing an insurer from claiming that there was no loss because the assured, although he had paid for the indemnity agreed upon, had become bankrupt or insolvent, the provision in question has become quite common in policies of this kind. Whatever the purpose, the parties are bound by the terms and conditions of their contract. Imperial Fire Ins. Co. v. Coos County, supra. Clearly the words "under the terms of this policy" include the obligation of an assured to give prompt notice of a suit against him. There is nothing in the policy to indicate that the insurer agreed to be bound to pay a judgment in favor of an injured person obtained in a case of which it had no notice. The evidence falls far short of proving a waiver. So far as appears, appellant's counsel had no authority to waive notice of suit; but if it be assumed that he did have such authority, it is plain that he refused to relinquish any defense the insurer had. Certainly his positive disclaimer of liability cannot be construed as a waiver. 27 R. C. L. 908.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.