This is a suit instituted by the parents of Eloise West, a minor, for the recovery of damages resulting from the death of said minor, who was killed by a truck of the Monroe Bakery, Inc., operated by its employee, on January 8, 1945. The suit against the defendant bakery company was filed January 7, 1946, barely within the prescriptive limit, and on May 2, 1946, said defendant's insurer, General Casualty Company of America, was made a party to the suit by amended petition.
In answer the defendant bakery company admitted the death of plaintiff's minor daughter but denied the allegations of negligence on the part of the driver of its truck, and further answering defendant asserted the existence of a policy of insurance issued by General Casualty Company of America. Defendant bakery company prayed, first, that plaintiffs' demands be rejected, second, that defendant casualty company be condemned to pay all costs connected with the defense of suit and including attorney's fees, and, finally, in the alternative, in the event of judgment in favor of plaintiffs that defendant bakery company recover judgment against the casualty company for the full amount of said judgment.
Defendant casualty company appeared by way of exceptions of no right or cause of action and prescription, setting up, among other premises, the provisions of the policy itself with respect to notice of accident. The minutes of the court, as set forth in the record before us, do not disclose what action was taken with respect to the exceptions and it must be presumed that they were overruled.
Defendant casualty company filed an answer, subject to reservations of its rights under the exceptions noted, in which it generally denied the allegations of negligence set forth in plaintiff's petition, and, in further answer, specifically pleaded the violation by its assured, the defendant bakery company, of the terms and conditions of the contract set forth in the liability policy.
After trial on the merits there was judgment in favor of plaintiffs and against the *Page 622 
defendants, in solido, in the full sum of $5,000.00, from which judgment defendant casualty company has appealed. In answer to this appeal the defendant bakery company prays for judgment against the casualty company for attorney's fees and costs incurred in defending the suit. Plaintiffs also filed an answer to the appeal, praying an increase in the judgment to the amount of $7,225.00.
There is no issue before this court with respect to the question of negligence, and there is no appeal by the defendant bakery company which would bring into question the correctness of the judgment of the lower court on the main demand as against such defendant. It is further noted that the exceptions which were urged by the defendant casualty company before the district court have not been presented or argued, either orally or in brief of counsel before this court, and we therefore presume the same to have been abandoned.
It is therefore apparent that the decisive question now before us involves the issue as to the liability, vel non, of defendant casualty company to the plaintiffs.
The casualty company relies upon the provisions of its policy, which perforce constitute the contract of insurance as between the insurer casualty company and its insured, the bakery company, specifically upon the following, which are set forth under the heading of "Conditions":
"1. Notice of Accident, Claim or Suit. Coverages A, B and C. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable.
* * * * * *
"5. Action against Company. Coverages A and B. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."
In consideration of the defense urged, certain undisputed facts, which were developed on trial of the case, are pertinent and material, namely:
The accident occurred on January 8, 1945, and on the same day L. G. Corley, Manager of the defendant bakery company, went to the scene of the accident, made an investigation, paid the decedent minor's mother the amount of $35.00, and received in return a receipt which read:
"1-8-45
Received of Holsum Bakery $35.00 for Burial Expense releases Holsum Bakery of any damages or expense from result of Wreck and killing daughter, Eliose West.
Witness
/s/ Earline West /s U. B. Burge"
Corley did not report the accident to the insurer and the first notice of the accident acquired by the insurer was in the nature of a telephone inquiry by a secretary of the bakery company, who called the insurer on January 7, 1946, as to whether the agency had any report of an accident which had occurred on January 8, 1945, in West Carroll Parish. Upon being advised that the office had not received any report on such an accident, the secretary simply informer the insurer's representative that "someone" had called about the accident. The first proper notice to the insurer by the assured was made in a letter of L. G. Corley to the insurer's agent, Montgomery Insurance Agency, under date of January 14, 1946, in which letter was enclosed the citation and petition in the suit of plaintiffs against Monroe Bakery, Inc., which communication was received by said agency on January 15, 1946, one year and eight days after the date of the accident. Plaintiffs' supplemental petition seeking to join the casualty company as a party defendant was filed May 2, 1946, almost one year and four months after the accident.
The question before us is susceptible of plain formulation, namely: Is an insurer released from liability for damages arising from an accident involving its assured, by reason of the insured's delay of more than a year in giving written notice of the accident to the insurer, within the terms and provisions of the policy of insurance requiring *Page 623 
such notice "as soon as practicable"?
Though the question be plain, we confess that the answer, under the somewhat confused state of our jurisprudence, is not commensurably simple. In order to answer the query we are confronted with the necessity of interpreting the validity and effect of the policy provisions in the light of the facts reflected with respect to the provisions of Act No. 55 of 1930, the particularly pertinent part of which statute bearing upon the rights of injured parties reads as follows: "Provided further that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurercompany within the terms, and limits of the policy * * * and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido." (Emphasis supplied.)
A number of cases involving one or another phase of this proposition arose under a similar act, No. 253 of 1918, under which we particularly note the Supreme Court case of Dennis Sheen Transfer v. Georgia Casualty Co., 163 La. 969,113 So. 165, and the Orleans Court of Appeal case of Edwards v. Fidelity Casualty Co. of New York, 11 La. App. 176, 123 So. 162, 163. The effect of the judgment of the Supreme Court in the Dennis Sheen case, involving an action by an assured against its insurer, recognized the latter's contention that a delay of almost three months in giving notice, under the provisions of a policy which required immediate written notice, was a violation of the policy, releasing the insurer. In the Edwards case the learned opinion of Judge Janvier is responsible for the enunciation of the principle that the expression "terms and limits of the policy" did not intend the inclusion of the requirement of notice. Our distinguished brother justified this conclusion upon the principle that the right of the injured party, created by the statute, was not subject to loss by reason of failure of one of the parties to the contract of insurance to comply with the terms thereof.
We refrain from any lengthy discussion of the cited cases and the effect of their holdings in consideration of our view that the provisions of the act of 1918, which dealt only with enforcement of the rights of injured parties against an insurer in the event of insolvency or bankruptcy of the assured, are not involved in a determination of the instant case. As we have above pointed out, we are here concerned solely with the interpretation and effect of that portion of the Act of 1930, above quoted, the provisions of which were not comprehended in the Act of 1918.
In our examination of jurisprudence bearing upon Act No. 55 of 1930 we have given particular attention to the following cases: Bougon v. Volunteers of America, La. App., Orleans 151 So. 797; Duncan v. Pedare La. App., 1 Cir., 161 So. 221, the same case on rehearing Duncan v. Pedarre, La. App., 164 So. 498; Howard v. Rowan, La. App., 2 Cir., 154 So. 382; Jones v. American Mutual Liability Ins. Co. et al., La. App., Orleans, 185 So. 509; Royal Indemnity Co. v. Watson, 5 Cir.,61 F.2d 614; State Farm Mutual Automobile Ins. Co. v. Grimmer et al., D.C.W.D.La. 47 F. Supp. 458; Jackson et ux. v. State Farm Mutual Automobile Ins. Co., La. App., 1 Cir., 23 So.2d 765; Id., 211 La. 19, 29 So.2d 177.
Even a casual reading of the cited cases discloses the fact that there is a striking divergence of opinion as between the several courts, both State and Federal, on the point of interpretation and application of the statute with respect to the requirement of notice. Some of the cited cases have been determined on the point of duration of the period of delay before giving of notice, and others have been decided on the basis of surrounding facts. But the conclusion may not be escaped to the effect that at the present time there exists no firm, settled and definitive pronouncement of principle.
Beginning with an analysis of the latest case involving the point at issue, we observe in Jackson v. State Farm Mutual Automobile Ins. Co., supra, the opinion in which was written by our esteemed colleague of this bench, that the judgment was based upon a consideration and appraisement of facts and surrounding circumstances and not upon any pronouncement of or adherence to a general principle of law. In support of this observation we *Page 624 
quote as follows [211 La. 19, 29 So.2d 179]: "Each case involving delayed notices must stand upon its own facts and circumstances. The Court may consider in balancing the equities, not only the time intervening between the accident and the date of notice to the insured, and whether or not the claim is a direct one by the injured persons, under Act 55 of 1930, but also when the parties first discovered that substantial injury had been done or that a claim would be made; the time when the injured party discovered that insurance existed and knew the identity of the insurer; what prejudice to the insurance company's defense has been caused by the delay; the good faith of the insured and injured party; and the existence of any special circumstances, especially those indicating fraud or collusion."
The following statement in the opinion referred to is further noted as having some pertinent bearing upon the instant case:
"The above quoted decision (Jones v. Shehee-Ford Wagon 
Harness Co., 183 La. 293, 163 So. 129) recognizes the fact that the average citizen who purchases a public liability policy seldom, if ever, becomes familiar with its detailed provisions but simply puts it away against the day when a claim may be made against him."
We here note that the facts in the case before us amply and incontrovertibly evidence the utmost familiarity with the particular provisions of the policy involved herein on the part of the assured. The manager of defendant bakery company had invariably, with the exception of the present case, given notice of accidents involving the insured company over a long period of time, and, strangely enough, within periods of time reasonably near, both before and after, to the date of this accident. This fact eliminates from our consideration the necessity for according the extension of equitable considerations on this ground as above set forth in the quoted opinion.
We are impressed with an expression of that distinguished jurist, the late Judge Westerfield, in Jones v. American Mutual Liability Ins. Co., supra, in the course of the development of his brilliant opinion, as follows [185 So. 517]: "It thus appears that the situation with respect to the effect of provisions in insurance policies concerning notice as affecting third persons is in doubt, but this Court in, at least, two cases has held that such provision is not binding upon a third party and in the last of these cases, the Supreme Court has declined to issue a writ of review. We are, therefore, of the same opinion originally expressed by us in the Edwards case, but in any event if a delay of twenty-six days in the giving of notice is in substantial compliance with a policy provision requiring immediate notice, as was held in the Jones case, supra, a delay of twenty-five days in this case under a policy provision stipulating for notice 'as soon as practicable' is, for a greater reason, a substantial compliance with the policy contract so that if we are wrong in the view we entertained at the time the Edwards case was decided and at the time of the Bougon case reaffirming that view, and at the present time when we reiterate our opinion, we are confident that we are right in holding that twenty-five days in this case is not too long."
And, in the same case, we call attention to the concurring opinion of Judge Janvier, which we set forth in full, with emphasis which we supplied, as follows:
"Janvier, Judge (concurring).
"Because of the decision of our Supreme Court in Jackson v. Cook, 189 La. 860, 181 So. 195, in which that court placed Louisiana among those jurisdictions in which the doctrine of 'discovered peril' renders a negligent automobile driver liable for injuries caused to a negligent, inattentive pedestrian, even though, because of the negligence of both, neither actually discovered the peril of the pedestrian, I concur in the decree against Ferguson, the principal defendant.
"I also concur in the decree against the insurer because I feel that reasonable notice was given to the insurer. See Jones v. Shehee-Ford Wagon Harness Co., La. App., 157 So. 309, affirmed by Supreme Court on writs in 183 La. 293, 163 So. 129.
"I cannot agree, however, that because of what we said inEdwards v. Fidelity Casualty Co., 11 La. App. 176,123 So. 162, no notice of the accident need be given *Page 625 an insurer. Act No. 55 of 1930 contains phraseology obviouslydesigned to meet the situation which was presented in theEdwards case and which, in that case, arose because of thewording of the earlier Act (Act No. 253 of 1918). Because ofthe change brought about by the Act of 1930, so far as thenecessity for notice is concerned, a different question may bepresented. For a discussion of the difference between the two statutes, see Tulane Law Review, Vol. X, page 69, and Tulane Law Review, Volume XI, page 443. In the latter article appears the following:
" 'The 1930 Act, which contains an express clause designed to overrule the Edwards decision, requires compliance with policy terms that do not deprive the third party of his right of direct action against the insurer.'
"I am authorized to state that Judge McCaleb concurs in theseexpressions."
We point out the refusal of the United States Circuit Court of Appeals for the Fifth Circuit in Royal Indemnity Co. v. Watson, supra, to enforce the right of an insurer in the face of failure to comply with conditions of the policy. And particularly because it concisely expresses our view, we quote the following statement [61 F.2d 616]: "The contract ofinsurance was issued for the protection of the assured againstloss; it was not designed for the protection of strangers."
(Emphasis supplied.)
We think that by far the most comprehensive and thoroughly reasoned discussion of the point at issue is to be found in the brilliant opinion of the distinguished Judge Porterie of the United States District Court for the Western District of Louisiana in State Farm Mutual Automobile Ins. Co. v. Grimmer, supra. It is unnecessary to burden this opinion with exhaustive quotations from the cited case, inasmuch as it would be necessary, in order to refrain from doing violence to any portion, to quote the opinion in full. However, we do set forth the holding, as follows [47 F. Supp. 465]: "We also further declare and determine that Mr. and Mrs. Gordon Roark have no lawful claim against plaintiff, the insuring company, by reason of this accident or occurrence, because the policy stipulations have been breached by the failure of the defendants to give notice to the plaintiff insuring company of the accident 'as soon as practicable', or as soon as reasonably possible after the occurrence."
We note that the notice in the above cited case was given some eight months after the date of accident.
In conclusion we are firm of the opinion that any reasonablecontractual provision in a policy of insurance is valid andbinding and must be given effect; further, that the terms andprovisions of a policy of liability insurance are to beconstrued primarily with respect to the effect upon thecontracting parties and are not to be measured in the light ofthe incidental effect upon third parties who are strangers tothe contract. This principle, of course, to be applicable only in the absence of any evidence of collusion or fraud as against the rights of such third parties; and, finally, that under thespecific provisions of Act No. 55 of 1930 a policy requirementproviding for notice of an accident by the assured to theinsurer is a condition which is not in violation of the laws ofthis State.
Under the facts of this case and in the light of our adherence to the principles above set forth, we find that theinsured bakery company violated the provisions of its policy infailing to give notice of the accident for a period of morethan one year, which violation is effective to release theinsurer of liability under the policy both to its insured andto plaintiffs, the injured parties.
These findings render a consideration of the relief asserted by bakery company as against its insurer in answer to this appeal unnecessary.
As to the quantum, we find no manifest error in the amount fixed by the district judge, and, accordingly, the prayer for an increase thereof on the part of plaintiffs is denied.
For the reasons assigned, the judgment appealed from is reversed and set aside, and there is now judgment in favor of defendant-appellant, General Casualty Company of America, rejecting plaintiffs' demands. *Page 626 
There is further judgment in favor of defendant-appellant, General Casualty Company of America, rejecting all claims of defendant, Monroe Bakery, Inc., as against said Casualty Company.
It is further ordered that all costs be taxed against defendant-appellee, Monroe Bakery, Inc.