McCALEB, Justice
.(dissenting).
According to the facts, as found by the Court of Appeal, plaintiffs are suing Monroe Bakery, Inc. and its public liability insurance carrier for damages for the death of their minor daughter, who was killed by a truck of the bakery company. The accident occurred on January 8, 1945 and suit was filed against the bakery company nearly one year later, on January 7, 1946. On May 2, 1946, the insurer of the bakery was joined as a defendant to the suit by a supplemental petition. See 39 So.2d 620.
The defense of the insurer, which was sustained by the Court of Appeal, is that it had no notice of the accident until over a year thereafter, to wit — January 14, 1946, when its agent received a letter from the assured in which was enclosed the citation and a copy of the petition in the instant suit, despite the fact that its liability under the policy issued to the bakery is conditioned upon written notice being given “by and on behalf of the insured to the company or any of its authorized agents as soon as practicable.”
No one could contend, with any plausibility, that there was a just cause or excuse for the assured’s failure to comply with the policy contract until over a year after the occurrence of the accident or that the unreasonable delay did not constitute a violation by the assured of the condition of the policy that notice of the accident would be required as soon as practicable. Therefore, the decisions of this court in' Jones v. Shehee-Ford Wagon & Harness Co., 183 La. 293, 163 So. 129 and Jackson v. State Farm Mut. Automobile Ins. Co., 211 La. 19, 29 So.2d 177 are not applicable. Indeed, the majority view is pitched entirely, as I understand it, upon the resolution that Act 55 of 1930 is authority for a recovery by plaintiffs against the insurance company and that the latter is without right to de *217 fend on the ground that its assured has breached the condition of the policy requiring notice as soon as practicable.
It is my belief that this conclusion, far from being sustained by the provisions of Act 55 of 1930, is in direct contravention of them. Act 55 of 1930 amends Act 253 of 1918, which was an act providing that no policy of insurance should be issued without containing a proviso that the insolvency or bankruptcy of the assured shall not release the insurer from liability for injury sustained or loss occasioned during the life of the policy and further declaring that, in case of such insolvency or bankruptcy, an action may be maintained by the injured person against the insurer “within the terms and limits of the policy”. The 1930 amendment repeated these provisions of the 1918 act and further granted to the injured person a right of direct action against the insurer company within the terms and limits of the policy of liability insurance. However, the statute contains this important proviso: “It being the intent of this act that any action brought hereunder shall be subject to all of the lawful conditions of the policy contract and the defenses which could be urged by the insurer to a direct action brought by the insured; provided the term and conditions of such policy contract are not in violation of the laws of this State.” (Emphasis mine.)
I daresay that no one would seriously maintain that the provision of the policy that the insured shall furnish notice to the insurer as soon as practicable is not a perfectly lawful condition or that, in an action between the insured and the insurer, the latter would not be permitted to urge, as a valid defense, that the insured violated the policy by failure to give notice until over one year after the accident occurred.
If this be true, then I cannot perceive why the insurer is to be deprived of this defense in an action brought by the injured person since the very statute, which granted plaintiffs the direct action, declares in unequivocal language that “any action brought hereunder shall be subject to all of the lawful conditions of the policy contract and the defenses which could be urged by the insurer to a direct action brought by the insured * * *
The majority opinion seems to derive comfort from the decision in 1929 of the Court of Appeal for the Parish of Orleans in Edwards v. Fidelity & Casualty Co. of New York, 11 La.App. 176, 123 So. 162, where, in construing the clause “within the terms and limits of the policy” as used in Act 253 of 1918, it was held that the failure of the assured to notify the insurer of the accident, as required by the policy, did not deprive the injured person filing suit thereon of his right of action as those words were not intended to include the requirement of notice but referred only to the amount which might be recovered and to other warranties and conditions with *219 which the injured person could comply. But the majority fail to take in account that, while the 1930 amendment granted greater rights to the injured person by according a right of direct action against the insurer, it specifically restricted that right and made it subject to all lawful conditions of the policy contract and to the defenses which could be urged by the insurer in a direct action brought by the insured. Manifestly, by the latter provision, the Legislature placed its stamp of disapproval on the decision of the Court of Appeal in Edwards v. Fidelity & Casualty Company, supra, as was recognized by á majority of the members of the same court (including the author of the Edwards decision) in a later case. See Jones v. American Mut. Liability Ins. Co., La.App., 185 So. 509-517.[1]
Much reliance is placed by the majority upon certain language used by this court in Davies v. Consolidated Underwriters, 199 La. 459, 6 So.2d 351. But, admittedly, that case did not involve the enforceability of a condition in the policy requiring the giving of notice to the insurer; the provision of the policy there depended upon was found to be ambiguous and, hence, not available to the insurer as a defense. The expressions of the court regarding the purpose of Act 55 of 1930 are sound but I cannot discern that they control or in anywise fortify the conclusion reached in the case at bar.
I think the judgment of the Court of Appeal should be affirmed.

. See also Tulane Law Review, Vol. X, page 69 and Yol. XI, page 443. In the latter Article is found the following comment: “The 1930 Act, which contains .an express clause designed to overrule the Edwards decision, requires compliance with policy terms that do not deprive the third party of his right of direct action against the insurer.”