Vincent A. Lupiano, J.
The plaintiff, a passenger in an automobile driven by one Doria, was injured in a collision between Doria’s vehicle and a truck operated by one Vulpi, an employee of one Forzano, who was the owner of the truck. Plaintiff has consistently taken the position that the truck, although owned by Forzano, was at the time of the accident within the control of one S. S. D. Trucking Corporation, to which it had been hired out by Forzano. The accident happened on May 21, 1952. The plaintiff ultimately obtained a judgment by default in the sum of $50,189.75 in the Supreme Court, Kings County, against Forzano and S. S. D. Trucking Corporation (hereinafter referred to as S. S. D.). This judgment was entered on March 2,1954. The plaintiff had theretofore settled his claim against Doria but he was unable to collect any part of the judgment which he obtained against Forzano and S. S. D. He has therefore brought this action against Standard Accident Insurance Company (hereinafter called Standard) as Forzano’s insurer, and against American Fidelity Fire Insurance Company (hereinafter called Fidelity), the insurer of S. S, D., and American Universal Insurance Company (hereinafter called Universal), the excess insurer of S. S. D. The complaint herein is based upon section 167 of the Insurance Law and upon the usual and standard provisions of policies of insurance covering liability for personal injuries which give an injured person a right of action against an insurer of one who causes the injury but fails to pay a resultant judgment.
While timely notice of the accident was given to Standard, unhappily no one — neither S. S. D., the insured, nor the plaintiff— gave Fidelity and Universal, insurers of S. S. D., notice of the accident “ as soon as was reasonably possible ” (Insurance Law, § 167, subd. 1, par. [d]), or as provided in the pri *933 mary policy issued by Fidelity and in the excess policy of Universal, “ as soon as practicable ”. The requirement of the Fidelity and Universal policies for “ written notice ” is, of course, controlling upon an injured person who claims the benefit of its coverage (Bazar v. Great Amer. Ind. Co., 306 N. Y. 481), and he is under the practical necessity of showing compliance with the condition of the policy which prescribes the giving of notice ‘‘ as soon as practicable ’’ or with the statutory provision for notice “ as soon as was reasonably possible ” (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302, 304). Notice “ as soon as practicable ” and notice “ as soon as was reasonably possible ” are in effect one and the same thing. Here there was neither written nor oral notice within a reasonable time after it should have been possible to give it, if proper diligence had been employed.
The insured, S. S. D., did nothing at all about giving notice to its insurers. The plaintiff, a resident of New Jersey, at first retained a New Jersey attorney, although the accident happened in the city of New York. The New Jersey lawyer made a visit to Forzano’s residence in Brooklyn on July 15, 1952, to seek information, but he did not find Forzano at home on that day. He turned the matter over to a New York attorney but did not do so until October 24 or 25, 1952. The latter wrote to Forzano on October 28, but did not succeed in seeing him until December 26, 1952. The evidence indicated that efforts commensurate with the necessities of the case would have resulted in a personal meeting between a representative of the plaintiff and Forzano considerably before December 26,
1952. In any event, on that day the plaintiff’s New York attorney learned from Forzano that at the time of the accident the truck was under hire to S. S. D. and that the officers of that concern were members of the Ginsberg family, who owned it. On the same day, December 26, plaintiff’s attorney spoke by telephone with Don Ginsberg of S. S. D. and also wrote to him asking for the name of S. S. D.’s insurance carrier. A motion was made shortly thereafter in plaintiff’s behalf to join S. S. D. as a defendant in an action which had theretofore been instituted against Forzano and Doria, with the result that S. S. D. became such defendant in the latter part of January, 1953. Various other motions were then made and some procedural steps were taken in behalf of plaintiff, and the case moved slowly 'forward. Although the plaintiff’s attorney was informed as early as February, 1953, that S. S. D. carried insurance and although he asked the latter’s attorney for permission to see the policies, making this request on February 26, 1953, *934 he was refused such permission and was not told the names of S. S. D.’s carriers until June 12,1953, when S. S. D.’s attorney allowed him to see the policies. It seems to me that this unfortunate extended reliance upon S. S. D.’s attorney was not warranted and that forceful action should have been taken to ascertain the identity of S. S. D.’s carriers. The delay in contacting Forzano, from May 21, 1952, until December 26, 1952, was, I think, of itself sufficient to destroy plaintiff’s cause of action against Fidelity and Universal. The plaintiff did not meet the test of reasonableness. The further delay between December 26,1952, when plaintiff, through his attorney, learned about S. S. D., and June 12, 1953, when he learned the names of S. S. D.’s insurers, was also excessive. Here, too, I could not find that steps were taken suitable to the exigencies of the situation in order to ascertain the identity of such insurers. Notice of the accident was ultimately given in plaintiff’s behalf, by a letter of plaintiff’s attorney written to Fidelity on June 12, 1953, and by another letter of plaintiff’s attorney to Universal written on June 20, 1953.
The court is not free to rewrite the contract of insurance, and failure to comply with the statutory prescription, which is also contractual, concerning the giving of notice “ as soon as was reasonably possible ” precludes recovery; this because prejudice to the insurers is presumed. I find no authoritative case in which a delay as long as this, in circumstances such as these, was condoned by any court. Diligent efforts of counsel, made manifest by their exhaustive briefs, have brought forth no case helpful in this respect to the plaintiff. The recent case of Pitts v. Ætna Gas. & Sur. Co. (218 F. 2d 58) dealt with a delay of “ at most 42 days after the accident ”. Compare the delay by the insured of 49 days in Abitante v. Home Ind. Co. (240 App. Div. 553); and see generally Royal Ind. Co. v. Watson (61 F. 2d 614). Nor has a waiver by Fidelity or Universal been shown; and no basis has been laid for invoking an estoppel.
Thus, the question of the effect upon the plaintiff’s cause of action of failure to furnish the insurers with suit papers in due time is not reached here. I need not, therefore, decide whether the condition of the Fidelity policy, found also in the Universal policy, that in the event “ claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative ”, is binding also upon an injured person like this plaintiff, who is not an immediate party to the contract of insurance. This condition of the policy was not here complied with. The trend of decisional law is *935 such as to indicate the binding effect of this condition upon an injured person who claims under the policy. Here suit papers were not forwarded in time to Fidelity or to Universal, either by the insured or by anyone in behalf of this plaintiff (see generally, Citizens Cas. Co. of N. Y. v. Clark, 245 App. Div. 38; New Jersey Fidelity & Plate Glass Ins. Co. v. Love, 43 F. 2d 82; Metropolitan Cas. Ins. Co. of N. Y. v. Colthurst, 36 F. 2d 559).
As to the defendant Standard, the insurer of Forzano, there is no escape here from the unhappy central fact that the plaintiff’s judgment against S. S. D. is predicated upon the hiring of Forzano’s truck to S. S. D,, so that the latter controlled it at the time of the accident. It was agreed at the trial of this case that the Kings County Supreme Court judgment against Forzano and S. S. D. rests upon an adjudication binding here, that Forzano’s truck was hired to S. S. D. and was being used in the latter’s business at the time of the accident. As Standard’s policy specifically provided that “ the insurance does not apply * * * while the automobile is being used in the business of any person or organization to which the automobile is rented ”, and as I see no practical distinction, although plaintiff contends that there is one, between the hiring of an automobile by Forzano to S. S. D. and the renting thereof, I am constrained to find that the Standard policy did not cover this accident. I find it unnecessary to decide whether a retroactive cancellation of the policy, upon which defendant Standard also relies, would bar this suit, though I think it would not.
There is a further reason why the plaintiff may not recover against Standard. From all of the evidence in the case I think it necessary to find that there was no adequate compliance, either by Forzano, the insured, or by this plaintiff, with the following condition of the Standard policy: “ If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.” As this was an Illinois contract of insurance, the policy having been written and delivered in Illinois to the insured, whose address is indicated in the policy to be Chicago, Illinois, section 167 of the Insurance Law of this State, which of course is not of extraterritorial applicability, is not relevant. I need not, therefore, determine whether the New York statute gives a right to an injured person to maintain an action against an insurer without compliance by him or by the insured with such a provision of a policy of insurance. Although it may be true that by virtue of section 167 of the Insurance Law the statutory *936 cause of action, against the insurer, of an injured judgment creditor of the insured, is not wholly derivative, and that such a judgment creditor has a remedy beyond the provisions of the policy and deriving from the statute, no Illinois statute of similar effect has been brought to my notice. Thus, absent a controlling statute, the plaintiff’s rights under the Standard policy are wholly derivative and “ can rise no higher than, but are dependent upon, the rights of the assured ” (Royal Ind. Co. v. Watson, 61 F. 2d 614, 616, supra).
As timely notice of the accident was given to Standard, it is unfortunate that plaintiff is nevertheless precluded from recovering against it because of the other circumstances herein set forth. The plaintiff entertains a suspicion, which may or may not be well founded, that careless methods of handling papers in the office of an agency of the defendant Standard may have caused the loss of suit papers which may have been received in time. But a finding of fact may not be based upon suspicion, conjecture or surmise. Plaintiff has been unable to sustain his burden of proving that suit papers were forwarded by anyone to Standard within a reasonable time.
The history of this unfortunate plaintiff suggests that there is need for remedial legislation. Although he has a substantial judgment in his favor, the plaintiff is unable to collect any part of it, either from those who caused his injuries, because they are insolvent, or from any of their insurers, because of noncompliance with policy provisions requiring the giving of notice of the accident and forwarding of suit papers to the insurers. It is in those cases in which the insured fails to give notice to his insurer and to forward suit papers that an injured person is in particular need of a remedy against the insurer. A solvent and responsible insured will be careful to give due notice to his insurer; it is the insured who has become insolvent who will not bother to take the necessary steps to safeguard either his own rights under the policy or those of one upon whom he has inflicted injuries. A person injured through the negligence of another should not be put to the necessity of having to conduct an investigation with celerity and under adverse circumstances, concerning insurance carried by the person responsible for his injuries; he should not be forced to overcome obstacles and hindrances of one kind or another in order to get at a hidden insurer. Injured plaintiffs and their lawyers are not usually concerned at the beginning of a litigation against a tort-feasor about a secondary cause of action against an insurance company. Thus, rights of injured persons against insurers would frequently be irretrievably lost if the insured were not zealous- *937 as mostly they are, to give notice and forward suit papers to insurers in time. But when an insured is indifferent to consequences, the statute (Insurance Law, § 167) is apt to fail to achieve the purpose for which it was designed.
It seems to me, therefore, that the Insurance Law should in some manner be amended, perhaps to provide that within a specified time after an injury is sustained, or within such time thereafter as may be reasonable in the circumstances, the injured person be permitted to file a written notice in a central registration bureau, or in one o'f several conveniently located branch bureaus, to be maintained by the Department of Insurance, which notice will contain identifying particulars, such as the names of owners and operators of vehicles involved, their license numbers and other descriptive and informative material about the occurrence and the parties and vehicles concerned. It should not be too great a burden upon insurance companies doing business in this State to make it incumbent upon them periodically to examine book entries in the Department of Insurance concerning claims of injuries thus registered; in this manner they will have notice of accidents which may result in suits against their insured, and against them, in time to make the necessary investigations and to achieve for themselves adequate protection. An alternative procedure would require insurance companies to file in a registration bureau, to be maintained within the Department of Insurance, the names of all persons, firms and corporations insured by them, with descriptive particulars, including license numbers, of the vehicles covered. This would enable an injured person, within a reasonable time after an accident, to repair to such a registration bureau and so to learn, without making a costly or difficult investigation, the name and address of the insurer to whom he must give notice. Provision could also be made, under either of these alternative procedures, for the filing of suit papers with the Department o'f Insurance, where insurance companies could obtain them.
I have here discussed claims arising out of automobile accidents ; these are the most prolific. As they usually involve loss of life or injury to person or property suffered on the public highways, they are perhaps for that reason especially affected with a public interest beyond that which attaches to claims arising out of injuries sustained in another manner. It is a tenable view that a person injured by the negligence of another who uses the public highways should be assured of some indemnification and that it is good public policy to provide for it. In this motor age roads and thoroughfares are places of *938 danger, yet all must use them. The suggestions here made are, of course, only tentative, Before ameliorative legislation is enacted, a careful study is obviously necessary. Opinions of representative groups and persons should be sought. There are considerations of public policy to be weighed and mechanical difficulties to be resolved, perhaps with the aid of the Law Revision Commission, of other agencies of government, and of private organizations or civic groups.
Judgment may be entered in favor of the defendants American Fidelity Fire Insurance Company, American Universal Insurance Company and Standard Accident Insurance Company dismissing the complaint herein on the merits.
Execution of judgment for costs is stayed for 30 days after service of notice of entry of judgment. One hundred twenty days to make a case. Counsel may prearrange to call at chambers at which time exhibits will be returned in each other’s presence.