· JONA. AUSTIN, Assignee in Bankruptcy of J. P. Amaral
*vs.* CHAS. MICHIELS.

TRESPASS. BEFORE MCCULLY, J.

JULY TERM, 1885.

An action for damages caused to the credit of a trader by the conversion of his goods by a creditor, whereby the trader was forced into bankruptcy, does not pass to the assignee.

DECISION OF MCCULLY, J.

The plaintiff brings action of trespass upon a declaration that the defendant with force and arms, etc., entered the bankrupt's premises and took and carried away all the stock of goods therein belonging to said bankrupt, and converted the same to his own use, whereby the business of said bankrupt was broken up and said bankrupt suffered great loss and damage, and was injured in his credit and good name, and was forced to go into bankruptcy to the damage of the estate of said bankrupt, etc.

Demurrer: That the cause of action does not pass to the assignee.

It is not doubtful that the assignee of a bankrupt may bring suit for the goods, or the value, of the bankrupt, wrongfully taken. Section 12 of the Bankruptcy Act of 1884, authorizes the assignee to bring suits for debts due the bankrupt, and also any suit which has for its object the recovery of any portion of the bankrupt's property. But assignees can take only such choses in action as are of an assignable nature. An action for assault or for seduction could not pass to executors or assigns; and we may say generally that no action of which the gist consists of injury to the feelings or in which injury or insult is an aggravation, can be assigned, voluntarily or by operation of law. The allegation here is of injury to the bankrupt's credit, whereby he was driven into bankruptcy.

In *Brewer vs. Dew,* 11 M. & W., 625, in an action of trespass brought by assignees in bankruptcy for seizing and taking the

bankrupt's goods under a false and unfounded claim of debt by which he was annoyed and prejudiced in his business, and believed by his customers to be insolvent, and certain lodgers left his house: Held not to pass to assignees in bankruptcy under the statute that all the personal estate and effects of the bankrupt vest absolutely in the assignees, and the act is construed beneficially for creditors. The test in this case was that under the declaration the jury might give vindictive damages beyond the actual injury to the property.

The assets pass to the assignees. They may bring action for goods taken away or injured. But the bankrupt's commercial credit is not among his assets, and the assignees cannot bring action for an injury to it. The complaint alleges a special damage for which only the person injured can bring action. *Clark vs. Calvert,* 8 Taunt., 742; *Howard vs. Crowther,* 8 M. & W.,* 601; *Spence vs. Rogers,* 11 M. & W., 191; and *Rogers vs. Spence,* 12 Clark & Fin., 700.

The demurrer is sustained.

*The Plaintiff and F. M. Hatch,* for plaintiff.

*L. A. Thurston,* for defendant.

Honolulu, August 22d, 1885.

