Joan DE VIGIL, Plaintiff,

v.

GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, Limited, a British Corporation, Defendant.

Civ. No. 1432.

United States District Court
D. Hawaii.

Dec. 28, 1956.

Hyman M. Greenstein, Honolulu, Hawaii, for plaintiff.

M. D. White, Honolulu, Hawaii, for defendant.

WIIG, District Judge.

Defendant insurance company moves for a summary judgment in plaintiff's action, which is based on a judgment recovered against one Fred A. Meyers, an assured under one of defendant's automobile liability policies. The motion is predicated upon a stipulated fact "that Meyers failed to comply with Condition 7 of said automobile liability policy in failing to forward any suit papers to the defendant."

Plaintiff, while a passenger in Meyers' automobile, suffered injuries in an automobile accident in Honolulu, Hawaii, on October 11, 1953. Later that month, Meyers notified the defendant in writing that plaintiff was asserting a claim against him as a result of the accident. Plaintiff subsequently filed an action for

damages against Meyers in the Circuit Court of the Territory of Hawaii and recovered judgment against Meyers for a substantial sum of money. Although the defendant had knowledge of this action, Meyers failed to forward the complaint and summons to the defendant as required by his policy.

First, plaintiff urges that Meyers' failure to perform a condition in the insurance policy is not a defense because § 7421(f), Revised Laws of Hawaii 1945, as amended, declares that in any policy embraced by that section the insurance company's responsibility is absolute. Section 7421(f) applies to "every motor vehicle liability policy," which is defined as "an owner's or an operator's policy of liability insurance, certified as provided in section 7419 or section 7420 as proof of financial responsibility, * * *." The Hawaii financial responsibility law [1] is not applicable to the policy in question because Meyers was not required by that statute, or any other statute of Hawaii, to obtain an automobile liability policy. In common with other citizens, Meyers was entitled to one serious accident before the financial responsibility law restricted his use of the public highways.

Secondly, plaintiff contends that Meyers' insurance policy was "required" under the financial responsibility law because § 7405 authorizes the Chief of Police to suspend an operator's license after his first accident unless the operator comes within certain exceptions. One exception is to have in effect at the time of the accident an automobile liability policy covering the vehicle involved in the accident. Such coverage is purely voluntary on the owner's part. The fact that it serves to avoid suspension of the operator's license in the event of an accident does not mean that it was required under the statute.

Since the Supreme Court of Hawaii has not passed on a similar factual situation, it would appear that the following general rule is applicable:

"While, in the absence of express statutory provision to the contrary, failure to give notice or to forward process to the insurer, or other lack of co-operation by the insured, constitutes a good defense to an action by an injured member of the public against the insurer under a voluntary liability insurance policy or bond which stipulates that the insured shall thus co-operate, a different rule prevails where the policy or bond was issued in compliance with a compulsory liability insurance statute, in such case the defense of lack of co-operation being ineffective, except where the particular accident or person was not within the coverage of the statute or ordinance. This rule develops from the fact that the purpose of such a statute or ordinance is to benefit or protect injured members of the public, * * *.

"The general rule has been held applicable, whether the policy was procured in compliance with a general compulsory liability insurance law or financial responsibility act, * * *. 31 A.L.R.2d 646, 647."

Plaintiff's reliance on Watson v. Royal Indemnity Co., D.C.S.D.Ala.1932, 56 F. 2d 409, which contained language supporting her contentions, is unauthoritative because on appeal the trial court was reversed. In Royal Indemnity Co. v. Watson, 5 Cir., 1932, 61 F.2d 614, 616, the court said:

"We are of opinion that the admitted failure to comply with the condition of the policy, requiring an assured promptly to forward or cause to be forwarded to the insurance company or its designated agent a copy of the summons and complaint served upon him by appellee, precludes any recovery in this case, unless it be shown that appellant waived that condition. * * * It is held by the overwhelming weight of authority that an assured

---

1. Chapter 140, Revised Laws of Hawaii, as amended.

who has breached this important condition cannot recover unless there has been a waiver, and that the rights of a third person can rise no higher than, but are dependent upon, the rights of the assured."

■■ The record in this case fails to support plaintiff's claim that performance of the "forwarding of all suit papers" condition was waived. Although the defendant insurance company had written notice of a potential claim against Meyers and was aware of the fact that plaintiff had filed an action against him, the company was not required to defend its assured because of his failure to comply with Condition 7 of the policy.

The motion for summary judgment is granted.