COLONIAL PENN INSURANCE COMPANY, Plaintiff–Appellant, v. **FIRST INSURANCE COMPANY OF HAWAII, LTD.**, Defendant–Appellee, and **JOHN DOES 1–10**, Defendants

(CIV. NO. 87–2622)

**COLONIAL PENN INSURANCE COMPANY and CIL KIM THRESHER**, Plaintiffs–Appellants, v. **FIRST INSURANCE COMPANY OF HAWAII, LTD.**, Defendant–Appellee, and **JOHN DOES 1–10**, Defendants

(CIV. NO. 88–1155)

NO. 13483

OCTOBER 9, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

## OPINION OF THE COURT BY PADGETT, J.

Two cases were filed below, and consolidated. Summary judgment was granted in favor of the appellee. The factual situation was that the individual appellant, Cil Kim Thresher (Thresher), and her automobile were insured by the insurer appellant, Colonial Penn Insurance Company (Colonial Penn). Thresher pulled into a service station, and got out of her automobile to put air and water in it. While she was standing in front of her car, about to open the hood, one Jerome Reynolds, whose automobile was insured by First Insurance Company of Hawaii (First Insurance), backed his car into her, pinning her between her car and his. HRS § 294-5(d) provides in part:

> The no–fault insurance applicable on a primary basis to accidental harm to which this chapter applies is the insurance on the vehicle occupied by the injured person at the time of the accident, or, if the injured person is a pedestrian (including a bicyclist), the insurance on the vehicle which caused [the] accidental harm to the pedestrian
>
> . . . .

First Insurance took the position that Thresher was not a pedestrian and therefore denied responsibility for no–fault coverage. Colonial Penn paid the no–fault benefits and brought suit, claiming that Thresher was not an occupant of her car but rather a pedestrian and that therefore First Insurance was primarily liable under the statute. A second suit was brought by Colonial Penn and Thresher claiming, among other things, a bad faith denial of the payment of

no–fault benefits by First Insurance. The court below granted summary judgment.

We affirm the summary judgment with respect to the alleged bad faith denial of no–fault benefits because, as is obvious from the discussion of the remaining point, the question of who was liable to pay no–fault benefits on a primary basis was an open question of law, and there was obviously no bad faith on the part of First Insurance in litigating that issue.

The parties have treated the terms "vehicle occupied by the injured person" and "pedestrian" as used in the above section as mutually exclusive and contend that we are faced with an either/or situation. The either/or situation envisioned by the section will apply in the vast majority of cases. However, on the particular facts of this case, it is insufficient.

In *National Union Fire Insurance Co. v. Olson*, 69 Haw. 559, 563, 751 P.2d 666, 669 (1988), we stated:

[W]e recognize that the legislature intended the phrase "operation, maintenance or use" in HRS Chapter 294 to be a term of art which when used throughout the chapter means accidents resulting from activities prescribed "in the immediate proximity of the vehicle."

In the particular section under consideration here, the term "operation, maintenance or use" was not used, but we see no reason to believe that the legislature intended to depart from the general policy of providing coverage for accidents resulting from activities prescribed "in the immediate proximity of the vehicle." Accordingly, we construe the term "vehicle occupied by the injured person" as being coextensive with the term "operation, maintenance or use" as used in HRS Chapter 294. Appellant Thresher therefore occupied her vehicle for purposes of HRS § 294–5(d) when the accident occurred, moreover she was also a pedestrian for the purposes of that section when the accident occurred.

The purpose of the statute is to place primary responsibility for no–fault motorist benefits upon the injured party's own insurer.

Accordingly, the summary judgment was proper in view of the disjunctive provisions of HRS § 294–5(d). Affirmed.

*John H. Price* for appellants.

*Bradford F.K. Bliss (Thomas E. Cook* and *Gregory L. Lui–Kwan* with him on the briefs) for appellee.