Raynette CUSON, as assignee of the claims of Edward Agag, Plaintiff,

v.

MARYLAND CASUALTY COMPANY, Defendant.

Civ. No. 89–00237 DAE.

United States District Court, D. Hawaii.

April 26, 1990.

James T. Leavitt, Jr. and Woodruff K. Soldner, Leavitt & Yamane, Honolulu, Hawaii, for plaintiff.

James Kawashima and Lyle Y. Harada, Kobayashi, Watanabe, Sugita, Kawashima & Goda, Honolulu, Hawaii, for defendant.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DAVID A. EZRA, District Judge.

Defendant Maryland Casualty Company's motion for summary judgment came on for hearing before this court on April 16, 1990. Woodruff K. Soldner, Esq. appeared on behalf of plaintiff, and James Kawashima, Esq. and Lyle Y. Harada, Esq. appeared on behalf of defendant. The court having reviewed the motion and the memoranda in support thereof and in opposition thereto, having heard oral arguments of counsel, grants in part and denies in part defendant's motion.

## I. BACKGROUND

This action arises out of an automobile/pedestrian collision which occurred on March 11, 1983. Edward Agag ("Agag"), driving a car owned by Roman Felipe and insured by .defendant Maryland Casualty Company ("Maryland Casualty"), struck plaintiff Raynette Cuson as she was walking in front of Farrington High School in Honolulu, Hawaii. Agag was intoxicated at the time of the accident.

Plaintiff initially sought payment from Maryland Casualty for medical bills she incurred as a result of the collision. Counsel for Maryland Casualty informed plaintiff's counsel that he understood that the automobile was used without Roman Felipe's permission and therefore, Maryland Casualty would not provide coverage.

On April 22, 1983, plaintiff filed an action against Agag in the Hawaii State Circuit Court. A copy of the complaint was served on Financial Security Insurance Company, Ltd. ("FSIC"), which was purportedly Agag's own insurance carrier. After receiving the complaint, Anastasia Arucan ("Arucan"), Agag's mother, attempted to contact defendant Maryland Casualty, the insurer of Roman Felipe's automobile. Neither defendant Maryland Casualty, FSIC, nor Agag filed a response and default was entered against Agag on July 6, 1983.

On July 11, 1983, Maryland Casualty received notice that default had been entered against Agag. Through Maryland Casualty, Agag moved to set aside the default; however, that motion was denied. The matter went to trial on November 7, 1987 before the Honorable Ronald T.Y. Moon, then judge of the First Circuit Court of Hawaii, on the issue of damages only. Judgment was entered in the amount of $282,500.00, consisting of general damages in the amount of $275,000.00 and punitive damages in the amount of $7,500.00. Plaintiff Cuson accepted the $25,000.00 policy limit from defendant Maryland Casualty in partial satisfaction of the judgment and entered into an agreement with Agag whereby Agag assigned his rights against Maryland Casualty to plaintiff.

Plaintiff filed the instant action against defendant Maryland Casualty in the Hawaii State Circuit Court on March 7, 1989. As assignee of Agag's claims, she asserts claims for bad faith refusal to defend a third-party action, breach of the duty to investigate, breach of contract, and punitive damages.

Pursuant to 28 U.S.C. §§ 1332 and 1446, this action was removed to this United States District Court on April 7, 1989 based on diversity jurisdiction. Defendant now moves for summary judgment on all counts.

## II. STANDARD FOR GRANTING SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered when:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving parties have the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In determining whether a genuine issue of material fact exists, the court should draw inferences from the evidence in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Perez v. Curcio*, 841 F.2d 255, 258 (9th Cir.1988).

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979). The

opposing party cannot stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial. *See T.W. Electrical*, 809 F.2d at 630.

## III. DISCUSSION

### A. *Bad Faith Breach by an Insurance Company*

■ This court has previously held, consistent with other decisions in this district, that there presently exists no bad faith tort cause of action in Hawaii for an alleged breach of an insurance contract. *Transamerica Insurance Group v. Cragg*, Civ. No. 88–0468 (D.Haw. filed June 9, 1989); *see also Mattoch v. Budget Rent–A–Car Systems, Inc.*, Civ. No. 85–0839 (D.Haw. filed February 6, 1987). This court stated in *Transamerica Insurance Group v. Cragg*:

> First, the State of Hawaii has enacted comprehensive legislation designed to protect both the insured and the insurer. Haw.Rev.Stat. § 431:1–100 *et seq.* Second, the Hawaii Supreme Court has refused to imply an independent bad faith tort cause of action in the area of wrongful employee discharge. *Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 652 P.2d 625 (1982). If the Hawaii Supreme Court was disinclined to intrude in this way in an employment relationship, this court believes that the same reasoning would apply equally in the insurance context, particularly in light of the existing provisions of the Insurance Code cited *supra.*

Order Granting Plaintiff's Motion for Summary Judgment, p. 5.

Plaintiff now asserts that in light of two recent Hawaii appellate court decisions this court should change its position and recognize a bad faith cause of action in the insurance context.

In *Colonial Penn Ins. v. First Insurance*, 780 P.2d 1112 (Haw.1989), the Hawaii Supreme Court affirmed a lower court's grant of summary judgment on a bad faith denial of payment of no-fault benefits. The court stated as follows:

> We affirm the summary judgment with respect to the alleged bad faith denial of

no-fault benefits because, as is obvious from the discussion of the remaining point, the question of who was liable to pay no-fault benefits on a primary basis was an open question of law, and there was obviously no bad faith on the part of First Insurance in litigating that issue.

*Id.* at 1114. Although the Hawaii Supreme Court did not address the issue of whether a bad faith cause of action exists, plaintiff argues that this court should *infer* that the Hawaii Supreme Court recognized the existence of such cause of action in the insurance context as a foregone conclusion.

This court is not persuaded by plaintiff's argument. As stated in *Mattoch v. Budget Rent–A–Car Systems*, Civil No. 85–0839 (Feb. 6, 1987):

> This court is reluctant to impose a new theory of damages in Hawaii in the absence of an express ruling by the Hawaii Supreme Court.

The case cited by plaintiff does not directly address the question of whether a bad faith cause of action should be recognized in this state. The court merely found that there was no bad faith under the facts of that case and thus there was no issue before it. This does not indicate that the Hawaii Supreme Court has now expressly recognized a bad faith cause of action as defendant suggests.

Similarly, in *Stratis v. Pacific Insurance Company, Limited*, 739 P.2d 251, 255 (Haw.App.1987), also cited by plaintiff, the Hawaii Intermediate Court of Appeals did not address whether a cause of action exists for the breach of an implied covenant of good faith in an insurance contract. The issue in that case was limited to the trial court's failure to re-read certain jury instructions.

Therefore, the court finds, consistent with numerous decisions in this district, that a bad faith tort cause of action does not presently exist in the insurance context under Hawaii law and therefore GRANTS summary judgment in favor of defendant Maryland Casualty Company with respect to such claim.

## B. *Breach of the Duty to Defend*

The Maryland Casualty insurance policy which is the subject of this suit provides, in part, as follows:

*PART E—DUTIES AFTER AN ACCIDENT OR LOSS*

We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

A person seeking any coverage must:
1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
2. *Promptly send us copies of any notices or legal papers received in connection with the accident or loss.*

Maryland Casualty asserts that its duty to defend did not arise until it was served notice of the entry of default against Agag on July 11, 1983. Plaintiff, however, has presented evidence which raises a genuine issue of material fact as to when or if Maryland Casualty received notice of the lawsuit prior to the entry of default.

■ The court notes that "[a]n insurer's duty to defend arises whenever there is a potential for indemnification liability of insurer to insured under the terms of the policy." (Citations omitted.) *Standard Oil Co. of California v. Hawaiian Ins. & Guaranty Co., Ltd.,* 65 Haw. 521, 527, 654 P.2d 1345, 1349 (1982). In the no-fault context, where Maryland Casualty's alleged duty to defend arises out of a policy issued to Roman Felipe, the court cannot find, at this stage in the proceedings, that as a matter of law Maryland Casualty had no duty to defend Agag because he did not forward a copy of the complaint.[1]

Anastasia Arucan, Agag's mother, states in her deposition that she attempted to contact Vernon Abe at Maryland Casualty's local adjusting company on a number of occasions, leaving her home and work telephone numbers in order to discuss the complaint. She testifies that Mr. Abe failed to return any of her calls. Although there is no admissible evidence which indicates that she in fact sent a copy of the complaint to Maryland Casualty, there is evidence which raises issues of fact with respect to whether Maryland Casualty was on either actual or constructive notice of the claims prior to the entry of default.

In addition, the court does not find, as a matter of law, that Agag suffered only nominal damages as a result of Maryland Casualty's failure to defend. Although liability was a foregone conclusion because Agag was intoxicated, the amount of damages was not. Had Maryland Casualty provided a defense, Agag may have only been liable up to the policy limits had he tendered such an offer at the right time.

Therefore, for the reasons set forth above, the court DENIES defendant's motion for summary judgment with respect to plaintiff's claim for breach of the duty to defend.

## C. *Assignment of Claim for Emotional Distress*

■ As a general rule, personal tort claims are not assignable. *See Murphy v. Allstate Insurance Co.,* 17 Cal.3d 937, 553 P.2d 584, 587, 132 Cal.Rptr. 424 (1976); *Austin v. Michels,* 6 Haw. 595 (1885). Injuries which are purely personal in nature, such as emotional distress, cannot be transferred to another. *Murphy,* 553 P.2d at 587, 132 Cal.Rptr. at 427. Although not recently stated in Hawaii law, the court finds this well-accepted principle of tort law controlling.

Accordingly, the court finds, as plaintiff concedes, that Agag's claims for emotional distress are not assignable and therefore,

1. Maryland Casualty cites *De Vigil v. General Accident Fire & Life Assurance Co.,* 146 F.Supp. 729 (D.Hawaii 1956), arguing that the insurance company is not required to defend the insured unless the insured gives notice or forwards process to the insurer. *De Vigil* is a thirty year old pre-no-fault case. In light of case law which has developed in the no-fault context since *De Vigil* regarding an insurer's duty to defend, the court does not find that Agag's failure to forward the complaint completely absolves Maryland Casualty of its duty to defend, where the insurance company previously indicated that it would not defend Agag and where the insurance company failed to respond to the alleged insured's attempts to communicate by telephone.

summary judgment is GRANTED with respect to those claims.

### D. *Assignment of Claim for Punitive Damages Arising From Breach of Contract*

The question of the assignability of punitive damages resulting from a breach of contract, however, is not so clearcut. It presents a question of first impression in this district. Unlike a tort claim for emotional distress, a claim for punitive damages emanating from the breach of a contract is not clearly personal in nature.

Defendant suggests that this court adopt the California rule which prohibits the assignment of punitive damage claims based on the tortious bad faith of an insurance carrier. *See Murphy*, 553 P.2d at 587, 132 Cal.Rptr. at 427. Plaintiff, however, urges the court to adopt the rule in other jurisdictions which permits the assignment of bad faith actions and punitive damage claims related to such actions. *See Liberty Mutual Insurance Company v. Davis*, 412 F.2d 475, 484 (5th Cir.1969); *Oppel v. Empire Mutual Insurance*, 517 F.Supp. 1305 (S.D. N.Y.1981); *Clearwater v. State Farm Mutual Auto. Ins.*, 161 Ariz. 590, 780 P.2d 423, 427 (1989).

Having found that summary judgment is warranted on plaintiff's bad faith claim, since no such cause of action is presently recognized in Hawaii law, the court need not reach the question of whether a bad faith claim and a punitive damage claim related to it are assignable. There remains, however, the question of whether a punitive damage claim based on defendant's alleged breach of contract is assignable.

There are no reported Hawaii appellate decisions which address this issue. In giving this matter careful consideration, the court agrees with plaintiff that her punitive damage claim, insofar as it arises from her claim for breach of contract, is assignable since it is not purely personal in nature.

■ It is clear in Hawaii that punitive damages may be awarded in a breach of contract case. *Dold v. Outrigger Hotel*, 54 Haw. 18, 21–22, 501 P.2d 368 (1972); *Qued-*

*ding v. Arisumi Brothers, Inc.*, 66 Haw. 335, 339–40, 661 P.2d 706 (1983).

■ In this case, plaintiff has been assigned Agag's breach of contract and punitive damages claims, alleging that defendant breached the insurance contract in a wanton manner which would give rise to punitive damages. In Hawaii, punitive damages are only awardable where there has been a "breach ... in a ... manner as to result in a tortious injury." *Dold*, 54 Haw. at 21–22, 501 P.2d 368.

Maryland Casualty asserts that because the breach must be "tortious" to warrant punitive damages, the damages are personal tort damages and therefore not assignable. The court disagrees. Although breach of contract in Hawaii must result in "tortious injury" to justify an award of punitive damages, it does not necessarily follow that a claim for punitive damages relating to that breach is personal in nature and therefore not assignable. *See Clearwater v. State Farm Mutual Auto. Ins.*, 780 P.2d at 427; *Oppel*, 517 F.Supp. at 1307.

In *Clearwater v. State Farm Mutual Auto. Ins.*, 780 P.2d at 427, the Arizona Supreme Court allowed the assignment of punitive damages arising from a bad faith breach of an insurance contract. *Id.* While recognizing personal tort claims may not be assigned to a third party, the court found nothing in law or public policy which would prohibit the assignment of punitive damages relating to a bad faith breach of an insurance contract. *Id.* The court emphasized that an insurer should not be permitted to escape liability through assignment where the principal purpose of punitive damages is deterrence. *Id.*

Although the instant case involves a breach of contract action, as opposed to a bad faith claim, the principles of law pertaining to both claims are analogous and the court finds the reasoning of the Supreme Court of Arizona persuasive. A bad faith action is founded in contract and tort. *Id.* at 426. Similarly, a punitive damages claim arising from a breach of contract

action sounds in both contract and tort and is not purely personal in nature.

The purpose of punitive damages in this context is not to compensate the insured for his injuries, but rather to discourage insurance companies from *breaching their contracts* in a tortious manner. Clearly, breach of contract actions are assignable, and the court finds that punitive damage claims which have their genesis in that breach of contract are assignable as well.

Accordingly, the court finds that Agag's claim for punitive damages based on a breach of contract claim is assignable and, DENIES defendant's motion for summary judgment on the issue of punitive damages, insofar as it relates to the claim for breach of contract.

IT IS SO ORDERED.